1

2          **UNITED STATES DISTRICT COURT**

3             **DISTRICT OF NEVADA**

4

5    LINDA MILLARD,

6                              Plaintiff,

                                                Case No.: 2:13-cv-00819-JAD-PAL
7    vs.

8    NORTHLAND GROUP, INC.,                     **Order Denying Motion
                                                 for Attorney Fees**
9                              Defendant.

10

11

12          Plaintiff Linda Millard alleges that defendant Northland Group, Inc., engaged in harassing

13   and abusive practices in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §

14   1692 et. seq., by attempting to collect a debt from her after her husband filed for bankruptcy and

15   received a discharge of the debt.  Doc. 1 at ¶ 8–14.  Millard also alleges that Northland's attempts to

16   collect the debt invaded her privacy.  *Id.* at ¶ 31–38.  On May 27, 2014, the court dismissed

17   Millard's complaint for failure to state a claim and granted leave to amend by June 11, 2014.

18   Millard did not amend, and Northland moved to dismiss.  Doc. 24.  On July 8, 2014, Millard filed a

19   notice of voluntary dismissal with prejudice under Fed. R. Civ. P. 41.  Doc. 25.

20          Northland now moves for attorney fees under 15 U.S.C. § 1692k(a)(3), which permits the

21   award of fees and costs against a plaintiff who has brought an FDCPA action "in bad faith and for

22   the purpose of harassment."  Doc. 26.  Finding that Northland has not demonstrated Millard's action

23   was brought in bad faith and for the purpose of harassment, I deny Northland's motion.

24                              **Legal Standard**

25          Section 1692k(a)(3) of the FDCPA provides that "[o]n a finding by the court that an action

26   under this section was brought in bad faith and for the purpose of harassment, the court may award

27

28

                              Page 1 of  3

1  to the defendant attorney's fees reasonable in relation to the work expended and costs."[1]  It is

2  therefore the defendant's burden to establish, through something more than "conclusory assertions,"

3  that the plaintiff brought her FDCPA action both in bad faith and for the purpose of harassment.[2]

4  Section 1692k(a)(3) does not permit the award of attorney fees against a plaintiff's attorneys; rather,

5  it "authorizes attorney's fees and costs only against the offending plaintiff or plaintiffs."[3]  Therefore,

6  "there must be evidence that [the plaintiff] both knew that [his or her] claim was meritless and

7  pursued it with the purpose of harassing the defendant."[4]

8  **Discussion**

9  **A.      Northland Has Not Made a Sufficient Showing of Bad Faith**

10          To establish that Millard brought her action in bad faith, Northland essentially asserts that:

11  (1) the complaint did not state a valid cause of action under the FDCPA; (2) Millard requested leave

12  to amend and then failed to amend her complaint before the deadline set by the court; and (3)

13  Millard voluntarily dismissed her complaint, which "reflects that [she] knew that there was no legal

14  basis to file" it.[5]  Without citing any legal authority, Northland relies on these assertions alone to

15  support its conclusion that Millard acted in bad faith and for the purpose of harassment.[6]

16          Northland falls short of carrying its burden.  That a claim is "meritless and properly

17

18

_____

19          [1]  15 U.S.C. § 1692k(a)(3).

20          [2]  *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 940–41 (9th Cir. 2007); *Bonner v. Redwood Mortgage Corp.*, No. C 10-00479 WHA, 2010 WL 2528962 at *5 (N.D. Cal. June 18,
21  2010); *Chavez v. Northland Grp.*, No. CV-09-2521-PHX-LOA, 2011 WL 317482 at *5 (D. Ariz. Feb. 1, 2011).

22          [3]  *Hyde v. Midland Credit Mgmt., Inc.*, 567 F.3d 1137, 1140–41 (9th Cir. 2009).
23

24          [4]  *Conner v. BCC Fin. Mgmt. Servs., Inc.*, 597 F. Supp. 2d 1299, 1309 (S.D. Fla. 2008); *see also Chavez*, 2011 WL 317482 at *5 (requiring a "showing of bad faith and harassment *on the part of Plaintiff*") (emphasis added).
25

26          [5]  Doc. 26 at  ¶ 19.  Northland also asserts that Millard's attorney has "filed numerous FDCPA complaints with this Court."  *Id.*  However, because § 1692k(a)(3) only authorizes an award of attorney fees against Millard, the mere fact of her attorney's past conduct is irrelevant.
27

28          [6]  *Chavez*, 2011 WL 317482 at *5 (finding that the failure to support similar assertions with case law contributed to defendant's failure to establish bad faith and harassment).

1  dismissed on the pleadings" does not necessarily mean it was argued in bad faith.[7]  Northland must

2  offer evidence that Millard herself knew her claims lacked merit and pursued them anyway.  With

3  respect to Millard's knowledge, Northland asserts only that her choice to voluntarily dismiss the

4  case indicates she knew she lacked a legal basis to file her complaint.  But, a voluntary dismissal,

5  which saves the parties and the court considerable time and expense, is generally not evidence of

6  bad faith.  On the contrary, when a plaintiff discovers in the early stages of litigation that her

7  complaint lacks merit, a "subsequent voluntary dismissal is indicative of . . . good faith."[8]

8  Accordingly, Northland has not offered evidence sufficient to support a finding of bad faith.

9  **B.      Northland Has Not Made a Sufficient Showing of Harassment**

10      Even assuming that Northland had established that Millard acted in bad faith, its motion is

11  devoid of any facts that might permit the court to infer a purpose of harassment.[9]  A defendant's

12  "conclusory assertion that [p]laintiff's purpose was to harass does not entitle it to attorney's fees

13  under the Federal Debt Collection Practices Act."[10]  Therefore, I find that Northland has not satisfied

14  its burden of establishing that Millard brought her FDCPA action for the purpose of harassment.

15  **Conclusion**

16      Accordingly, and based on the foregoing reasons, IT IS HEREBY ORDERED that

17  Northland's Motion for Attorney Fees **[Doc. 26] is DENIED**.

18      DATED: November 17, 2014.

19  _____
    JENNIFER A. DORSEY
20  UNITED STATES DISTRICT JUDGE

21

22

23

[7] *Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 97 (2d Cir. 2010).

24

[8] *Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1122 (9th Cir. 2010).

25

[9] *Cf. Black v. Equinox Fin. Mgmt. Solutions, Inc.*, 444 F. Supp. 2d 1271, 1275 (N.D. Ga.
26  2006) (finding purpose of harassment where plaintiff continued to pursue litigation after discovery
    produced no evidence to support the initial "hunch" on which his claims were based).

27

[10] *Chavez*, 2011 WL 317482 at *5 (declining to find bad faith or harassment where plaintiff
28  filed a "boilerplate claim" with minimal facts, resulting in voluntary dismissal).